**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **INFOGATION CORPORATION,**<br>**Plaintiff,**<br><br>**v.**<br><br>**MAPSPEOPLE A/S,**<br>**Defendant.** | **Civil Action No. 2:26-cv-857**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. Infogation Corporation ("Infogation" or "Plaintiff") hereby files this Original Complaint for Patent Infringement against MapsPeople A/S ("MapsPeople" or "Defendant"), and alleges, upon information and belief, as follows:

## THE PARTIES

2. Infogation Corporation is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 1409 Constellation Drive, Allen, Texas 75013.

3. Upon information and belief, MapsPeople A/S is organized under the laws of Denmark and maintains its principal place of business at Voergaardvej 2, 9200 Aalborg SV, Denmark.

4. MapsPeople's terms identify MapsPeople A/S and its subsidiaries, including MapsPeople, Inc. The direct developer, licensor, and contracting entity must be confirmed.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. MapsPeople markets MapsIndoors in the United States and identifies a U.S. subsidiary and office at 5209 Burnet Road, Suite 200, Austin, Texas 78756.

7. Defendant purposefully directs the Accused Instrumentalities and related sales, distribution, licensing, updating, technical-support, and instructional activities to customers and users in the United States and Texas, including this District, and derives substantial revenue from those activities.

8. Defendant has committed and continues to commit acts of infringement in Texas and this District by making, using, testing, demonstrating, importing, offering, selling, licensing, distributing, updating, supporting, and/or instructing use of the Accused Instrumentalities.

9. This Court has personal jurisdiction because Defendant purposefully supplies, licenses, supports, and/or operates the Accused Instrumentalities for the U.S. and Texas markets, and Plaintiff's claims arise from or relate to that conduct. Alternatively, personal jurisdiction exists under Federal Rule of Civil Procedure 4(k)(2) based on Defendant's nationwide U.S. contacts.

10. Venue is proper under the alien-venue rule because Defendant is a foreign corporation. *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706 (1972); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

11. Defendant has placed the Accused Instrumentalities into the stream of commerce with the intention and expectation that they will be purchased, downloaded, licensed, deployed, and/or used by customers and users in Texas and this District.

## THE PATENT-IN-SUIT

12. The United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,107,628 (the "'628 Patent"), titled "Method and Apparatus for Navigating on Artistic Maps," on October 23, 2018.

13. Infogation is the sole and exclusive owner, by assignment, of all right, title, and interest in the '628 Patent, including the right to sue and recover damages for infringement.

14. The '628 Patent claims priority at least as early as August 11, 2007 and is not expected to expire before July 26, 2033.

15. The ’628 Patent concerns computer-navigation technology that displays a non-linearly scaled artistic map while determining navigation using geographic map information that is not displayed, including transformations aligning selected objects and route guidance with the displayed artistic map.

16. The claims of the ’628 Patent are valid and enforceable. The patent includes twenty claims defining distinct inventions, and no single claim is representative of every other claim.

## THE ACCUSED INSTRUMENTALITIES

17. Defendant makes, uses, tests, demonstrates, imports, offers, sells, licenses, distributes, updates, supports, and/or provides MapsIndoors, MapsIndoors SDKs, web/mobile implementations, and customer applications implementing the platform (collectively, the “Accused Instrumentalities”).

18. The term “Accused Instrumentalities” excludes products, services, technologies, and activities that are licensed or otherwise authorized by Plaintiff.

19. Defendant’s official mapsindoors product page states and demonstrates, in substance, that mapsIndoors describes customized 2D/3D georeferenced maps, clickable elements, turn-by-turn guidance, routes, and web/mobile SDKs. See https://www.mapspeople.com/mapsindoors (S1).

20. Defendant’s official u.s. terms states and demonstrates, in substance, that the U.S. terms identify MapsPeople, Inc. for Americas contracting and use Texas law/forum provisions. See https://www.mapspeople.com/legal/general-terms-and-conditions-usa (S2).

21. Defendant’s official end-user terms states and demonstrates, in substance, that the terms identify MapsPeople A/S and subsidiaries as providers of the MapsIndoors platform. See https://www.mapspeople.com/legal/end-user-terms-of-service (S3).



*Official MapsIndoors device image (S1). Source: https://cdn.prod.website-files.com/65e9a4ab790159ac09c234ac/666ffad9a5fc4216668a844c_product-devices.webp*

22. The Accused Instrumentalities download or receive digital map content over a network, display a customized or artistic map on a portable device, permit selection of a displayed object or destination, determine current location, compute a route or direction using georeferenced navigation data, and render that guidance on the displayed map.

23. The displayed objects and points of interest are rendered as selectable screen regions associated with destination coordinates. Selecting any point within the displayed region identifies substantially the same physical destination represented by latitude and longitude or equivalent geographic coordinates.

24. The Accused Instrumentalities maintain georeferenced navigation and route data separately from the branded, stylized, or three-dimensional presentation layer shown to the user. The geographic navigation data is not displayed directly; instead, the route and guidance are transformed and rendered on the displayed artistic map.

25. The artistic display is non-linearly scaled because buildings, attractions, points of interest, aisles, rooms, icons, and other selectable objects are enlarged, modeled, extruded, emphasized, or otherwise displayed out of strict geographic scale to facilitate selection and navigation.

26. The Accused Instrumentalities include every limitation of at least claims 1, 4–8, 11–18 of the ’628 Patent. Plaintiff reserves the right to assert additional claims and infringement under the doctrine of equivalents as discovery and claim construction proceed.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 10,107,628

27. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

28. Defendant has directly infringed and continues to directly infringe at least claims 1, 4–8, 11–18 of the ’628 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents.

29. Defendant directly infringes the asserted method claims when its employees and agents make, test, demonstrate, deploy, operate, update, troubleshoot, and support the Accused Instrumentalities in the United States, thereby performing each claimed step.

30. Defendant directly infringes the asserted apparatus claims by making, using, testing, demonstrating, offering, selling, and/or importing portable devices and systems configured with the Accused Instrumentalities, including during development, quality assurance, customer demonstrations, deployment, and technical support.

31. Users and customers directly infringe the asserted claims when they download or receive the map, select an object or destination, permit detection of current location, request directions, and receive the route or guidance rendered on the displayed map through the Accused Instrumentalities.

32. Defendant actively induces that direct infringement under 35 U.S.C. § 271(b) by distributing the Accused Instrumentalities and providing documentation, SDKs, demonstrations, updates, marketing, and technical support instructing customers and users to operate the accused functions in the infringing manner.

33. Defendant has actual knowledge of the ’628 Patent and the infringement alleged herein at least as of service of this Complaint. Defendant’s continued encouragement and support of the accused operation after notice constitutes knowing and intentional inducement.

34. Defendant’s continued infringement after notice is deliberate and willful. Plaintiff reserves the right to seek enhanced damages under 35 U.S.C. § 284 based on Defendant’s post-notice conduct and evidence obtained in discovery.

35. Plaintiff and its predecessors-in-interest have satisfied the statutory requirements necessary to recover damages for the legally available period, including 35 U.S.C. § 287 to the extent applicable.

36. Defendant’s infringement has caused and continues to cause injury to Plaintiff. Plaintiff is entitled to damages adequate to compensate for the infringement, in no event less than a reasonable royalty, together with interest and costs.

37. Defendant’s infringing activities have been without authority or license from Plaintiff as to the Accused Instrumentalities defined above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

A. Declaring that Defendant has infringed the asserted claims of the ’628 Patent;

B. Awarding Plaintiff damages adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

C. Awarding enhanced damages under 35 U.S.C. § 284 for willful infringement;

D. Declaring this case exceptional and awarding Plaintiff its reasonable attorneys’ fees under 35 U.S.C. § 285;

E. Granting appropriate prospective relief for continuing infringement; and

F. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38.

Dated: September 18, 2026

Respectfully submitted,

*/s/ Christopher A. Honea*
M. Scott Fuller
Texas Bar No. 24036607
sfuller@ghiplaw.com
Randall Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**Attorneys for Plaintiff**